CARTER, C.J.,
dissenting.
U respectfully disagree with the majority’s opinion regarding the peremptory exception raising the objection of no cause of action. Mr. Greenland is attacking a matrimonial agreement that is a final judgment of the court. Therein, Mr. Greenland agreed to pay spousal support, with the only causes for termination being death or remarriage. I respectfully submit that it is not the province of the courts to nullify an agreement of the parties, later reduced to a final judgment, simply because one party later concludes he “struck a bad deal.” If the agreement was that spousal support could be terminated by a party’s cohabitation in the manner of married persons, such a provision easily could have been included in the agreement later reduced to a judgment.[1] Thus, even accepting all of Mr. Greenland’s allegations as true, in my opinion he does not state a cause of action for nullity of the judgment on the basis of fraud.
Therefore, I respectfully dissent.

. The matrimonial agreement provided, in part:
The spousal support is only able to be terminated by death or remarriage and can nol be modified except for the permanent disability of Richard.